**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

THE TRUSTEES OF THE LOCAL 522 IND.
ROOFING AND SHEET METAL CRAFTS
WELFARE FUND, AND THE TRUSTEES
OF THE LOCAL 522 PENSION FUND -
ROOFERS DIVISION,

                          Plaintiffs,

    - against-

B & A RESTORATION CONTRACTORS, INC.

                         Defendant.

------------------------------------------------------------------x

Civil Action No. 20-cv-440

COMPLAINT

Plaintiffs, the Trustees of the Local 522 Pension Fund – Roofers Division and the Trustees of the Local 522 Ind. Roofing and Sheet Metal Crafts Welfare Fund (hereinafter "the Funds"), by their attorneys, Glanstein LLP, for their Complaint against Defendant B & A Restoration Contractors, Inc. (hereinafter "B & A" or "Defendant"), respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 et. seq. ("ERISA"), and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§152 et. seq., brought by fiduciaries on behalf of employee benefit plans to enforce the provisions of a collective bargaining agreement, declarations of trust, other benefit plan documents including audit procedures, prior agreements between B & A and the Funds, as well as statutory obligations imposed on B & A to submit to an audit of its books and records for the

purpose of ensuring that B & A has complied with its obligations to make full and complete contributions to the Funds for employee fringe benefits. This action also seeks to compel payment of all delinquent amounts found due pursuant to the provisions of a collective bargaining agreement, the Funds' governing documents including their delinquency procedures, and applicable laws.

## JURISDICTION AND VENUE

2. The subject matter jurisdiction of this court is based on 29 U.S.C. §1132(a)(3), (d)(1), (e), (f), and (g); 29 U.S.C. §1145, and 29 U.S.C. §185. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), because the Defendant maintains its principal offices in this District.

## PARTIES

3. Plaintiffs are the Trustees of jointly administered, multi-employer, Taft-Hartley benefit funds administered by an equal number of Trustees designated by a union and an equal number of Trustees designated by employers, established and maintained pursuant to Section 306(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5). The Plaintiffs have been, at all material times hereto, fiduciaries as defined under ERISA, 29 U.S.C. § 1002(21)(A), and the Funds are "employee benefits plans" and "multi-employer plans" as defined under ERISA, 29 U.S.C. §§ 1002(3) and (37), which are maintained for the purpose of providing health, medical, severance and related benefits and retirement benefits to eligible participants and their beneficiaries. The Funds are administered and maintain their offices for the conduct of business at Alicare, 333

Westchester Avenue, White Plains, NY 10604. The Plaintiffs may maintain this action under 29 U.S.C. §1132(d)(1)(e).

4. Upon information and belief, Defendant owns and operates a place of business located at 43 East Carl Street, Hicksville, NY 11801.

5. Upon information and belief, the Defendant is an employer engaged in an industry affecting commerce, as defined by ERISA, 29 U.S.C. §1002 et. seq. and the LMRA, 29 U.S.C. §§ 152(2), (6) and (7), who employs or has employed employees covered by a Collective Bargaining Agreement (hereinafter "Agreement") with Local Union 522, affiliated with the International Brotherhood of Teamsters, which is a labor organization within the meaning of the LMRA, 29 U.S.C. § 152(5), whereby Defendant is required to comply with requests to be audited and to make contributions to the Funds.

## THE COLLECTIVE BARGAINING AGREEMENT

6. At all relevant times, Defendant was and is a party to Agreements with Local Union 522, affiliated with the International Brotherhood of Teamsters (hereinafter "Local 522" or "Union"). The Agreements under which this action is brought were effective during the periods of time between January 1, 2013 through December 31, 2016 and they covered the terms and conditions of employment for employees of Defendant represented by Local 522 who performed roofing, sheet metal work, façade repair, restoration, cleaning, insulation, waterproofing and the replacement of worn, aged, or defective building envelope elements. Defendant was a party to these Agreements by virtue of its membership in the Roofing and Sheet Metal Crafts Institute, a contractors association which Defendant has been a member of without interruption since at least January 2001.

7.   At all relevant times, the Agreements effective from July 2012-June 2018 obligated the Defendant to contribute to the Funds so as to permit their employees covered by the Agreement to receive medical, health care, and retirement benefits through the Funds.

8.   The Defendant had agreed to remit contributions in the manner prescribed by the Funds in accordance with the provisions in the Agreements.

9.   The Funds are third-party beneficiaries of the Agreements and are operated pursuant to their respective governing documents, including Declarations of Trust and audit and delinquency procedures.

10.   Effective July 1, 2012 through December 30, 2015, the Agreement required that contributions to the Local 522 Welfare Fund be made on behalf of the Defendant's employees covered by the Agreement at the rate of 15.5% of the gross wages paid at rates effective during the term of the Agreement.  Payments were to be remitted to the Funds' office on a weekly basis.  Effective January 1, 2016 through July 31, 2016 the 15.5% rate was suspended, then it resumed starting August 1, 2016 and continued through 2018.

11.   The Agreements also require that contributions be made on behalf of each of the Defendant's employees covered by the Agreement in the relevant time period at the rate of .80 cents per man hour of labor per employee per week to the Local 522 Pension Fund.

12.   The Trusts and the Agreements provide that the Defendant must submit remittance reports containing the names of each employee, along with the periods each

employee worked, for which payment is being made in order to effectuate the provision of benefits by the Funds.

13. Defendant has also agreed in a 2008 court-ordered Stipulation of Settlement in the matter titled *Byers et. al. v. B & A Restoration Contractors, Inc.*, EDNY Case No. 06-CV-4831 (DLI) (JO); and in a 2013 Settlement Agreement with the Funds' Trustees in EDNY Case No. 12-CV-6098(JFB) (AKT), that it would "maintain payroll records reflecting the hours worked by its employees and the work they performed, and will promptly comply with any future requests to be audited in accord with the Funds' audit procedures, which are hereby incorporated."

## DEFENDANT'S FAILURE TO COMPLY WITH REQUESTS TO BE AUDITED AND TO PAY REQUIRED CONTRIBUTIONS

14. On or about April 30, 2019, the Funds' designated payroll auditor, Buchbinder Tunick & Co., contacted Defendant's accountant to obtain records required to commence an audit concerning the Employer's contributions to the Funds for the period of January 1, 2013 through December 31, 2016. The Funds' payroll auditor was told Defendant would not produce complete payroll and employment records for those years. Repeated attempts through December 2019 to obtain those records were rebuffed by Defendant.

15. The Funds' governing documents require employers such as Defendant to remit to the Funds' office on a weekly basis, along with contributions, reports containing the names of each employee, along with the periods each employee worked, for which payment is being made in order for the Funds to provide benefits.

16. The Funds' governing documents also provide that the Funds shall have the right to conduct periodic audits of employers' books and records, which must be

5

maintained in accordance with ERISA, in order to ensure the correct amounts of contributions are being made to the Funds in accordance with their established policy.

17. The Funds' governing documents also provide, with respect to audits performed, that if an employer fails to make the required amounts of contributions for its employees, the employer may be responsible for the costs of the audit in addition to the unpaid contributions, interest thereon, and other costs and penalties associated with the recovery of the contributions and failure to make them in a timely fashion.

18. Upon information and belief, B & A has employed workers in covered employment under the Agreements, as defined herein in Paragraph 6, for whom it was required to make contributions to the Funds and it did not make the correct contributions.

19. Upon information and belief, B & A has failed to fully remit the correct amounts due and owing to the Funds for all hours worked in covered employment under the Agreements, as required by the Agreements, the Funds' governing documents, and applicable law.

20. Upon information and belief, based on the Defendant's prior history of underpaid contributions to the Local 522 Welfare Fund during prior audits from January 1, 2004 through December 31, 2007, and from January 1, 2007 through December 31, 2009, Defendant has underpaid contributions on behalf of all its employees who were covered by the Agreement for the period from January 1, 2013 through December 31, 2016, in the principal amount of $50,000. Such amount may be adjusted upon completion of the payroll audit which Defendant has refused to undertake with the Funds' auditors.

21. Upon information and belief, based on Defendant's prior history of underpaid contributions to the Local 522 Pension Fund during the prior audits from January 1, 2004 through December 31, 2007, and from January 1, 2007 through December 31, 2009, Defendant has underpaid the required contributions to the Local 522 Pension Fund for the period commencing with January 1, 2013 through December 31, 2016 on behalf of all its employees who were covered by the Agreements in the principal amount of $15,000. Such amount may be adjusted upon completion of the payroll audit which Defendant has refused to undertake with the Funds' auditors.

22. The Funds have adopted procedures in accordance with ERISA that, because of injury to the Funds and participants caused by Defendant's failure to make contributions in a timely manner, require Defendant to pay in addition to the unpaid contributions liquidated damages in the amount of twenty percent (20%) of the contributions due, monthly interest of 1.5% on the unpaid contributions to the date payment is made, reasonable attorneys' fees and all costs of collection, including but not limited to expert fees and costs incurred in prosecuting this lawsuit.

23. The Trusts provide that the failure of an employer to pay contributions required under the Trusts is a violation of the Agreement and the Trusts.

24. During the pendancy of this lawsuit additional contributions from Defendant may become due and owing to the Funds in accordance with the terms of the Agreements and rules adopted by the Funds.

25. During the existence of the current 2018-2024 collective bargaining agreement and any successor agreement thereto, additional contributions will be required to be made by Defendant to the Funds.

26. The Trusts provide the Plaintiffs may bring an action pursuant to ERISA to enforce the Agreements, to compel and inspection and audit of an employer's books and records, and to recoup unpaid contributions due to the Funds, plus interest, damages, and attorneys' fees and costs.

27. B & A has willfully failed and or refused to comply with the Funds' repeated and numerous demands to conduct a corporate payroll audit of its books and records for the period January 1, 2013 through December 31, 2016.

28. B & A is legally obligated to allow the Plaintiffs or their appointed representatives to conduct a full and complete audit of the employer's corporate books and records, as well as remit all delinquent contributions amounts due the Funds

## AS AND FOR A FIRST CAUSE OF ACTION

29. Plaintiffs hereby reassert the allegations contained in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. By the above described omissions and breaches of law, the Agreement, and the Funds' governing documents by the Defendant:

    a. The Plaintiffs as Trustees of the Funds may be required to deny the employee-beneficiaries of the Funds for whom required contributions have not been made the benefits of the Welfare Fund, thereby causing such employee-beneficiaries substantial and irreparable damage.

    b. The Plaintiffs have and may provide to employees of Defendant benefits provided by the Funds despite the failure of Defendant to make required the contributions, thereby reducing the corpus of the Funds and endangering the rights of

employee-beneficiaries of the Funds on whose behalf contributions are being made, all to their substantial and irreparable injury.

      c.      The Plaintiffs are entitled to an Order enforcing the terms of the Agreements, the Funds' governing documents and procedures, and the prior Settlements Agreements with B & A, and directing compliance with requests to B & A to be audited for the entire period between January 1, 2013 through December 31, 2016, as well as any other desired period thereafter, in order to determine the precise contribution amounts due to the Funds, plus interest and liquidated damages thereon.

      d.      The Plaintiffs are entitled to a Judgment in the amount of past due contributions, in the principal amount of at least $65,000, plus Plaintiffs' reasonable attorneys' fees, interest, liquidated damages, costs and expenses of this action as provided for under the Funds' trust documents, and ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A SECOND AND SEPARATE CAUSE OF ACTION

31.    Plaintiffs repeat the allegations of the first cause of action set forth in Paragraphs 1 through 30 above.

32.    As a result of Defendant's failure to comply with the request to be audited, and to make all required contributions, the Funds have suffered and will continue to suffer immediate, continuing, and irreparable injury, loss, and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the Agreement, the Funds' governing documents, and its prior Settlement Agreements with the Funds, and is restrained from failing to continue to perform as required.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendant, as required by ERISA, 29 U.S.C. § 1132(g)(2) and under the terms of the Funds' governing documents, as follows:

  A. Ordering Defendant to collect and provide access to any and all corporate books and records necessary and appropriate for Plaintiffs and/or their designated representatives to make a determination of all delinquent contributions due and owing to the Funds,

  B. Judgment for all unpaid contributions to the Funds for the period January 1, 2013 through December 31, 2016, estimated to be in the amount of at least $65,000, plus liquidated damages thereon; monthly accrued interest continuing until entry of judgment, audit fees once an audit is completed, any further contributions owed, as well as all costs of collection including but not limited to the costs of filing suit, and reasonable attorneys' fees in the sum of at least $10,000 or such other amount as the court determines is just;

  C. Judgment for such additional contributions, as may be determined to be justly due and owed to the Funds during the pendency of this action, and before final judgment is entered, along with:

    1. statutory liquidated damages;

    2. statutory interest;

    3. an Order enjoining Defendant from further violating and specifically requiring it to perform and continue to perform all obligations pursuant to the

Agreement, ERISA, Defendant's prior Settlement Agreements with the Funds, and the Funds' governing documents to make the required monthly contributions;

        4.      Ordering Defendant to pay all audit and court costs;

        5.      Granting Plaintiffs leave to apply for such additional judgments and/or orders as may be necessary and proper for contributions due and owing to the Plaintiffs as may be determined following its review of Defendant's complete books and records; and

        6.      such additional and further relief as the Court deems just and proper.

Dated:   New York, New York
            January 27, 2020

GLANSTEIN LLP

By: *[signature]*
David M. Glanstein (DG 3509)
711 Third Avenue – 17th Floor
New York, NY 10017
Tel: (212) 370-5100
Fax: (212) 697-6299
Email: david@glansteinllp.com

*Attorneys for Plaintiffs*