UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE TRUSTEES OF THE LOCAL 522
WELFARE FUND-ROOFERS' DIVISION,
AND THE TRUSTEES OF THE LOCAL
522 PENSION FUND-ROOFERS' DIVISION,

                                Plaintiffs,                         **ORDER**
                                                                                    CV 20-0440 (AYS)
      -against-

B&A RESTORATION CONTRACTORS, INC.

                                Defendant.
-----------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court is the motion of Defendant, B&A Restoration Contractors, Inc. ("B&A" or "Defendant"), to amend its Answer, pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendant seeks to assert an affirmative defense that it is not liable for any fringe benefit contributions after January 1, 2014. The defense is based upon a December 13, 2013 email (the "Email") to the Roofers and Sheet Metal Crafts Institute ("RSMCI" or the "Association"), a multi-employer bargaining unit that represents its members, including B&A, in negotiating collective bargaining agreements for employees represented by Local 522 of the International Brotherhood of Teamsters (the "Union"). The Email is stated to have advised the Union that B&A was withdrawing from the Association. Plaintiffs, the Trustees of the Local 522 Welfare Fund-Roofers' Division and the Trustees of the Local 522 Pension Fund-Roofers' Division (the "Funds" or "Plaintiffs"), oppose the motion. For the following reasons, the motion to amend is denied.

       As to any motion to amend, Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings prior to trial. See Fed. R. Civ. P. 15. Where, as here, leave of court is

1

required to amend, the court has broad discretion to grant such leave "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, motions to amend are properly denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party. . . ." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. See Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998). An amendment is properly denied as futile if the proposed new claim "has no merit or fails to demonstrate a cognizable or sufficient claim." Lamothe v. Town of Oyster Bay, No. 08-cv-2078, 2011 WL 4974804, at *9 (E.D.N.Y. Oct. 19, 2011). When determining futility, the court reviews the viability of the proposed claim pursuant to the same standard invoked with respect to a Rule 12 motion to dismiss. See, e.g., Lucente v. International Bus. Machs., Corp., 310 F.3d 243, 258 (2d Cir. 2002); Morritt v. Stryker Corp., 973 F.Supp.2d 177, 183 (E.D.N.Y.2013); Catholic Diocese of Rockville Centre v. Inc. Vill. of Old Westbury, No. 09 CV 5195, 2012 WL 1392365, at *5 (E.D.N.Y. Apr. 23, 2012).

Here, the motion to amend was made, quite literally, on the eve of trial. According to B&A, the Email was discovered in an old email account during the week prior to the scheduled December 5, 2022 trial date herein. B&A offers no explanation as to how and when the Email was discovered other than to say it was discovered on November 29, 2022 "[i]n the course of . . . trial preparation." (Mercado Decl., Docket Entry ("DE") [56-2], ¶ 4.) However, as Plaintiffs point out, Angel Perez, B&A's President, testified during a deposition held on December 9, 2022 – ordered by this Court to be held in connection with the within motion – that he spoke with Aida Mercado, B&A's accounts payable person, prior to 2014 to confirm B&A's removal from RSMCI. (Perez Dep., DE [55-3], 11-13.) Accordingly, B&A knew about the affirmative defense

2

that it now seeks to add for more than nine years before making the within motion to amend. In fact, B&A knew of the purported affirmative defense before the Funds ever even commenced this action. Accordingly, the motion to amend is denied based on undue delay and the resulting prejudice to Plaintiffs permitting amendment would create.

Moreover, the affirmative defense B&A seeks to add fails on its merits as it would not survive a motion to dismiss. The defense is based on Paragraph 15 of the parties' collective bargaining agreement that was in effect from July 1, 2012 to June 30, 2015 (the "CBA"), which states:

> Should any member of the Association resign . . . the Union shall be notified of the fact, in writing, and thereafter this contract and its provisions may terminate at the option of the Union upon written notice to the employer concerned, and the Union may thereafter deal independently with such employer in any manner.

(DE [15-1] ¶ 15.)

The plain language of Paragraph 15 makes clear that any contract between the Union and the employer may only be terminated <u>at the option of the Union</u>. Absent the Union's exercise of such option, it is clear from the language of Paragraph 15 that the employer remains bound by the CBA. Nothing in Paragraph 15 supports B&A's position that once it submitted its written resignation from RSMCI, its collective bargaining obligations to the Union terminated. Accordingly, the motion to amend also fails on the merits.

For the foregoing reasons, Defendant's motion to amend its Answer is denied. Trial remains scheduled for March 27, 2023 at 10:00 a.m. in Courtroom 840, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York.

**SO ORDERED.**

Dated: Central Islip, New York
       March 6, 2023

                                          /s/ Anne Y. Shields
                                          ANNE Y. SHIELDS
                                          United States Magistrate Judge